United States District Court
Northern District of California

HOLLYNN DELIL,

        Plaintiff,

  v.

COUNTY OF SONOMA, et al.,

        Defendants.

Case No.: 13-00423-KAW

ORDER REGARDING DEFENDANT COUNTY OF SONOMA'S 9/26/2013 LETTER

On September 26, 2013, Defendant County of Sonoma submitted a 63-page letter requesting that the Court vacate the October 7, 2013 meet and confer compliance date. (Def.'s Letter, Dkt. No. 14, at 1.) The County states that it is seeking to vacate this date due to Plaintiff's Counsel's "Notice of Unavailability" and Plaintiff's new Public Right of Way access claims asserted against the County on September 3, 2013, stemming from barriers in the unincorporated town of Occidental. *Id.* The County stated that it sent a letter to the Court in lieu of a motion due to Plaintiff's counsel's Notice of Unavailability, but the County could have filed a noticed motion prior to September 7, 2013 or, in the alternative, could have filed a procedurally proper motion after Plaintiff's counsel's return, and requested that it be heard on shortened time. The September 26 letter, as is, did not adequately provide an opportunity for Plaintiff to respond to the County's representations.

That Plaintiff's counsel was unavailable from September 7 through 26, 2013 should have come as no surprise, as the Court previously granted the parties' stipulation to continue the meet and confer compliance date to October 7, 2013, which took into account Plaintiff's counsel's unavailability during that time period. (7/25/2013 Order, Dkt. No. 12.)

So while the Court will consider the County's request, any future filing that fails to comply with the Federal Rules of Civil Procedure, the Civil Local Rules, or this Court's Standing Order will not be considered.

The Court vacates the October 7, 2013 meet and confer compliance date and will hold a Case Management Conference (CMC) on October 22, 2013. The parties shall file a joint case management statement on or before October 15, 2013, the contents of which shall be limited to the information sought in paragraphs 1-3, 5, 6, 8, 10-12, 15, 19, and 20 of the "Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statements." As this is not a traditional initial CMC, the remaining information is not necessary at this juncture. In addition, the joint statement shall include the parties' proposed revised scheduling order(s), which shall take into account the deadlines set forth in General Order No. 56. If the parties cannot agree upon a single proposed schedule, they shall also include the rationale in support of their separate proposals in the joint case management statement.

IT IS SO ORDERED.

Dated: October 3, 2013

KANDIS A. WESTMORE
United States Magistrate Judge